IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CIAN MARTIN,<br>        Plaintiff,<br><br>        vs.<br><br>CITY OF CHICAGO,<br>a municipal corportation,<br>OFFICER KARSHNA, Star #3695,<br>a Chicago Police Officer,<br>in his individual capacity,<br>OFFICER WILLIAMS, Star #19033,<br>a Chicago Police Officer,<br>in his individual capacity,<br>OFFICER WALTON, Star # 14441,<br>a Chicago Police Officer,<br>in his individual capacity,<br>OFFICER BALBONTIN, Star # 3754,<br>a Chicago Police Officer,<br>in his individual capacity,<br><br>        Defendants. | FILED: NOVEMBER 26, 2008<br>08 CV 6804<br>JUDGE KOCORAS<br>MAGISTRATE JUDGE KEYS<br><br>PH |

## COMPLAINT

Jurisdiction/Venue

1. The incident occurred on June 24, 2004 in the City of Chicago, County of Cook, Illinois.

2. The jurisdiction of this court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343 (a); the Constitution of the United States, and pendent jurisdiction, as provided under U.S.C. § 1367 (a).

Parties

3. At all relevant times pertaining to this occurrence, Plaintiff was a resident of Chicago,

Cook County, Illinois.

4. At the time of the occurrence, Defendant City of Chicago was a municipal corporation, and the principal employer of Defendant Officers Karshna, Williams, Walton and Balbontin who were acting under color of law and in the course and scope of their employment with the City of Chicago.

5. Plaintiff's date of birth is December 2, 1989.

6. On June 24, 2004, Plaintiff was 14 years old, therefore a minor.

7. Plaintiff turned 18 years old on December 2, 2007 the beginning date of accrual for statute of limitation purposes, and thus the incident is within the statute of limitations.

Facts

8. On or about June 24, 2004, Plaintiff was in the vicinity of 5423 W. Thomas, Chicago, Illinois.

9. Plaintiff saw some friends inside a gated backyard at that location standing near a car.

10. Defendant Officers Karshna, Williams, Walton and Balbontin pulled up near the Plaintiff and his friends in a marked squad car.

11. Defendant Officers Karshna, Williams, Walton and Balbontin then approached Plaintiff.

12. At the Defendant Officers' commands, Plaintiff placed his arms up on a nearby brick wall.

13. Then and there, Defendant Officer Karshna intentionally and maliciously pushed Plaintiff into the brick wall knocking out Plaintiff's two front teeth. Defendant Officer Karshna continued to punch Plaintiff in his ribcage multiple times as Defendant Officers Williams, Walton and Balbontin stood and watched even though

Defendant Officers Williams, Walton and Balbontin each had a reasonable opportunity to prevent excessive force against the Plaintiff.

14. Plaintiff was eventually arrested and transported to Chicago Police Headquarters.

15. Thereafter, Plaintiff sought medical attention at Loretto Hospital, 645 S. Central Avenue, Chicago, Illinois for the damage to his teeth. Plaintiff still requires additional oral medical care for the injuries.

16. As the proximate result of all the aforementioned actions by Defendants Karshna, Williams, Walton and Balbontin, the Plaintiff suffered emotional injury, bodily injury, pain and suffering and medical expenses.

## COUNT I – 42 U.S.C. § 1983 Excessive Force
(Plaintiff v Defendant Karshna)

17. Plaintiff re-alleges all prior allegations.

18. The actions of Defendant Karshna in physically abusing and otherwise using unreasonable and unjustifiable force against the Plaintiff, violated Plaintiff's rights under the Fourth Amendment to the United States Constitution, incorporated to the states and municipalities through the Fourteenth Amendment, to be secure in his person, papers and effects against unreasonable searches and seizures and thus violated 42 U.S.C. § 1983.

19. As the proximate result of all of the aforementioned actions by Defendant Karshna, the Plaintiff suffered emotional injury, bodily injury, pain and suffering, psychological damage and medical expenses.

WHEREFORE, pursuant to 42 U.S.C. § 1983 and § 1988, Plaintiff demands compensatory damages against Defendant Karshna and because he acted maliciously, wantonly

or oppressively, substantial punitive damages, plus the costs of this action, plus attorneys' fees and other and additional relief as this Court deems equitable and just.

### COUNT II – 42 U.S.C. §1983 Failure to Intervene

(Plaintiff v. Defendants Williams, Walton and Balbontin)

20. The Plaintiff re-alleges what has been previously alleged in this complaint.

21. The actions or inaction of Defendants Willaims, Walton and Balbontin in failing to intervene and protect Plaintiff from excessive, unreasonable and unjustifiable force despite the duty and opportunity to do so violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and thus violated 42 U.S.C. § 1983 and were the direct and proximate cause of Plaintiff's injuries described more fully above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands compensatory damages against Defendants Williams, Walton and Balbontin because they acted maliciously, wantonly, or oppressively, substantial punitive damages, plus costs of this action, plus attorney's fees and such other additional relief as this Court deems equitable and just.

### COUNT III – Illinois State Law Claim of Battery (respondeat superior)

(Plaintiff v. Defendant City of Chicago)

22. Plaintiff re-alleges what has been previously alleged in this Complaint.

23. A police officer with the Defendant City of Chicago physically abused the Plaintiff, and this officer committed these intentional acts of harmful and/or offensive contact against the Plaintiff, and were without provocation or legal justification.

24. The actions of one Chicago police officer was the direct and proximate cause of the

injuries suffered by the Plaintiff, as described more fully above.

25. A Chicago police officer was acting in the course and scope of his employment with the City of Chicago in taking these actions, and thus the City of Chicago is liable based on the theory of respondeat superior.

WHEREFORE, Plaintiff demands compensatory damages against Defendant City of Chicago, plus costs of this action, plus any and other additional relief as this court deems equitable and just.

### COUNT IV – Indemnification
(Plaintiff v. City of Chicago)

26. Plaintiff re-alleges what has been previously alleged in this Complaint.

27. Defendant City of Chicago is the indemnifying entity for the actions described above, of Defendants Karshna, Williams, Walton and Balbontin who took their actions while acting under the color of law and in the course and scope of his employment with the City of Chicago.

WHEREFORE, should Defendants Karshna, Williams, Walton and Balbontin be found liable on one or more of the claims set forth above, Plaintiff demands that Defendant City of Chicago be found liable for any judgment (other than punitive damages) he obtains thereon.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

By: __/s/ Brian J. Barrido__

Brian J. Barrido
One of the Attorneys for Plaintiff

Brian J. Barrido
Dvorak, Toppel & Barrido, LLC
3859 West 26th Street
Chicago, Illinois 60623
(773) 521-1300 (phone)
(773) 521-4400 (fax)
brian.barrido@civilrightsdefenders.com

ARDC No. 6274524